Maldonado & Cruz, PLLC.
Attorneys for Plaintiff
By: Angel Cruz, Esq. (AC0790)
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAROL POTTINGER,

                  Plaintiff,                        **COMPLAINT AND**
   -against-                                     **JURY TRIAL DEMAND**

THE CITY OF NEW YORK; THE NEW YORK        Civil Action No.
CITY POLICE DEPARTMENT; NYPD P.O. JOHN DOE #1;
VARIOUS OTHER NYPD P.O.,

                  Defendants.
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to Title 42 U.S.C. §§ 1983, 1988 and New York State law alleging civil rights violations committed by the City of New York and individuals employed by the New York City Police Department (hereinafter "the NYPD").  Plaintiff alleges that, on August 23, 2015, at approximately 3:00 a.m., NYPD officers subjected her to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1

1

§§ 5, and 12. In addition, Plaintiff alleges that the City of New York and the NYPD negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to title 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by title 28 U.S.C. § 1331 and § 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to title 28 U.S.C. § 1367 to hear and decide Plaintiff's claims brought under New York State law.

4. Venue is proper in the Eastern District of New York pursuant to title 28 U.S.C. §1391 (b).

## PARTIES

5. Plaintiff, Carol Pottinger, is an adult citizen of the United States, and resident of the State of New York.  The events complained of occurred in the City of New York, Kings County.

6. The City of New York is a municipal corporation organized under the laws of the State of New York. NYPD Police Officer John Doe, and Various other NYPD Officers, are employed by NYPD (the identity of the NYPD

officers named herein are unknown to Plaintiff at this time, however, upon information and belief they were NYPD officers assigned to the 75th precinct located in Brooklyn, New York) and were involved in the arrest of Plaintiff and responsible for the torts arising out of Plaintiff's illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress. These NYPD officers were acting under color of state law, and in their capacities as NYPD officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein, and for failing to intervene to protect Plaintiff from unconstitutional conduct.  The NYPD officers are sued in their individual capacities as well.

## JOINT LIABILITY

7. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## NOTICE OF CLAIM

8. Within 90 days of the events giving rise to this claim, Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and on April 18, 2016, a 50-H hearing was conducted, and this matter has not been settled or otherwise disposed of.

## ALLEGATIONS OF FACT

9. On August 23, 2015, at approximately at 3:00 a.m., Plaintiff was lawfully present in a private residence located at 711 Hinsdale Street

3

Brooklyn, New York 11207. The private residence is owned by Plaintiff's sister, and on August 23, 2015, there was a annual family reunion being held at the backyard area of the private residence, with numerous family members and neighbors present. The annual family reunion has been held in the past at the same location, and always without incident.

10. Plaintiff at the time of the incident was standing behind the fence in front of the private residence with other members of her family when she observed a marked NYPD patrol vehicle approach the front of the private residence. By this time, the family reunion was coming to an end, the music was lowered, and people began departing from the private residence.

11. Within minutes from the arrival of the initial responding officers various other NYPD officers appeared at the scene. Three unidentified plainclothes NYPD Officers jumped out of their vehicle, and began to aggressively question Plaintiff "who was in charge of the backyard?" Plaintiff responded that she was in charge. The NYPD officers then told the family and friends present "the party is over", and insisted that Plaintiff give them access to the backyard. She refused to grant access, as the police did not obtain a search warrant or have probable cause to enter the premises.

12. The NYPD officer then demanded that Plaintiff produce identification. Plaintiff had left her identification in her car, and asked her nephew to retrieve it. As she tossed her nephew the key to her car a NYPD officer grabbed the keys midair. Subsequently, the NYPD officer proceeded

4

to roughly grab Plaintiff by the hand, slammed her up against the gate of the private residence, cuffed her, and placed her under arrest.

13. After arresting Plaintiff, the NYPD officers forcefully made their way into the backyard of the private residence without a warrant or probable cause, instructed everyone present to leave the residence immediately as they will be subject to arrest.

14. Once everyone vacated the residence NYPD officers forcibly threw Plaintiff into the police vehicle, and she was taken to the 75th precinct. At the 75th Precinct Plaintiff was unlawfully strip-searched, ordered to squat, bend over and cough. Nothing illegal was found on Plaintiff's person.

15. Several hours after her arrival at the 75th precinct, the police took Plaintiff to Kings County Central Booking for processing and arraignment. Plaintiff was incarcerated in a cell that was filthy and filled with garbage and excrement.  While plaintiff was confined in Central Booking, NYPD John Doe # 1 and several other NYPD officers with reckless disregard for the truth or misrepresented the events that occurred on August 23, 2015, to the prosecutor employed by the Kings County District Attorney's Office.  The aforesaid misrepresentations resulted in false criminal charging being filed against Plaintiff. At arraignment Plaintiff was falsely charged with disorderly conduct (P.L. § 240.20); obstructing governmental administration in the second degree (P.L. § 195.05); and resisting arrest (P.L. § 205.30).

16. On or about December 9, 2015, the matter was resolved with an adjournment in contemplation of dismissal, and all the charges was dismissed and sealed on or about June 8, 2016. On or about October 23, 2015, a notice of claim was filed in this matter, and on April 18, 2016, a 50-H hearing was conducted.

17. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, and loss of liberty. Plaintiff alleges that the NYPD officers subjected her to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. In addition, Plaintiff alleges that the City of New York and the NYPD negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## **FIRST CAUSE OF ACTION**
(TITLE 42 U.S.C. § 1983)

18. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-18 as fully set forth herein.

19. Defendants acted under the color of law and conspired to deprive Plaintiff of her civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions. Defendants are liable to Plaintiff under title 42 U.S.C. § 1983 and Article one (1) sections five (5) and twelve (12) of the New York State Constitution.

20. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

21. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-21 as fully set forth herein.

22. New York City and the NYPD are liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants.

23. New York City and the NYPD knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

24. The aforesaid event was not an isolated incident. New York City and the NYPD have been aware for some time (from lawsuits, notices of claim, and complaints filed with the Civilian Complaint Review Board) that many of their officers are insufficiently trained on how to avoid excessive use of force. New York City and the NYPD insufficiently disciplined officer for

not reporting fellow officers' misconduct that they have observed, and they failed to discipline offers for making false statements to disciplinary agencies. New York City and the NYPD are aware that all of the aforementioned acts have resulted in violations of citizens' constitutional rights. Despite such notice Defendants have failed to take corrective action. This failure and these polices caused the officers in the present case to violate Plaintiff's civil and constitutional rights, without fear of reprisal.

25. New York City and the NYPD knew or should have known that the NYPD officers who caused Plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, New York City and the NYPD failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

26. New York City and the NYPD have failed to take steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the individual Defendants in this and similar cases involving misconduct.

27. The above described policies and customs demonstrated a deliberate indifference on the part of New York City and the NYPD policymakers to protect the constitutional rights of persons within New York City, and were the cause of the violations of the Plaintiff's rights herein alleged.

28. New York City and the NYPD have damaged Plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal

and improper acts of their employees, agents or servants in this and in similar cases involving NYPD officer misconduct.

29. Plaintiff has been damaged as a result of the wrongful, negligent, and illegal acts of New York City and the NYPD.

### THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORTS)

30. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-30 as fully set forth herein.

31. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12.

32. A damages remedy here is necessary to effectuate the purposes of Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. This is appropriate here to ensure the full realization of Plaintiff's right in the aforementioned sections of the Federal and New York State Constitutions.

33. Plaintiff has been damaged as a result of the wrongful, negligent, unconstitutional, and illegal acts of New York City and the NYPD.

### FOURTH CAUSE OF ACTION
(ASSAULT)

34. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-34 as fully set forth herein.

35. By striking Plaintiff Defendants made Plaintiff fear for her physical well-being, and safety, and placed him in apprehension of immediate harmful or offense touching.

36. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

37. Plaintiff was damaged by Defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

38. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-38 as fully set forth herein.

39. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him.

40. Defendants used excessive and unnecessary force with Plaintiff. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

41. Plaintiff was damaged by Defendants' assault.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

42. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-42 as fully set forth herein.

43. Defendants, NYPD Officers, had a bad disposition and New York City and the NYPD knew or should have known of facts that would have led a responsible and prudent person to further investigate Defendants, NYPD Officers, bad dispositions through the hiring process.

44. Defendants knew or should have known that their failure to investigate Defendants, NYPD Officers, bad dispositions would lead to Plaintiff's injury.

45. Defendants were negligent in their hiring and retaining the NYPD Officers involved in this case in that they knew or should have known of the NYPD Officers' propensity to use excessive force.

46. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

47. The injury to Plaintiff was caused by the NYPD Officers' foreseeable use of excessive force.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

48. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-48 as fully set forth herein.

47. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant, City of New York, and in furtherance of Defendant, City of New York's interest.

48. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant, City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees pursuant to title 42 U.S.C § 1988(b);

d. Cost, interest and expert witness fees pursuant to title 42 U.S.C § 1988(c);

e. Such other and further relief as this Court may deem just and proper, including declaratory relief.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:   September 15, 2016
         Bronx, N.Y.

By: Angel Cruz, Esq.(AC0790)
Attorneys for Plaintiff
Maldonado & Cruz, PLLC.
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050

To:   New York City Office of
      Corporation counsel
      100 Church Street
      New York, New York 10007

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAROL POTTINGER,

                                       Plaintiff,

   -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; NYPD P.O. JOHN DOE #1;
VARIOUS OTHER NYPD P.O.,

                                       Defendants.
------------------------------------------------------X

Civil Action No.

---

**TITLE 42 U.S. C. §1983 COMPLAINT**

---

**MALDONADO & CRUZ, PLLC.**
**181 East 161 Street – Lobby Suite**
**Bronx, New York, 10451**
**Tel: (718) 828-6050**

---

Dated: September 15, 2016
       Bronx, New York

Signature _____
               Angel Cruz, Esq. (AC0790)

To: New York City Office of
      Corporation counsel
      100 Church Street
      New York, New York 10007

14