UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\----------------------------------------------------------- x

CAROL POTTINGER,

                                  Plaintiff,

                    -against-

THE CITY OF NEW YORK, ET AL.,

                              Defendants.

\----------------------------------------------------------- x

No. 16 Civ. 5243 (NGG) (CLP)

**<u>ANSWER</u>**

**JURY TRIAL DEMANDED**

Defendant The City of New York,[1] by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its answer to plaintiff's Complaint, dated September 15, 2016, respectfully:

        1.        Denies the allegations in paragraph "1" of the Complaint, except admits that plaintiff has commenced an action as stated therein.

        2.        Denies the allegations in paragraph "2" of the Complaint, except admits that plaintiff has commenced an action and purports to invoke the jurisdiction of the Court as stated therein.

        3.        Denies the allegations in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.        Denies the allegations in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

        5.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

---

[1] Plaintiff also names as a defendant the New York City Police Department; however, the NYPD is not a suable entity.  See <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

6.      Denies the allegations in paragraph "6" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and that plaintiff purports to proceed against the officers as stated therein, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the employment of unidentified "John Doe" defendants and states that the allegations that the officers acted under color of state law are legal conclusions to which no response is required.

7.      States that the allegations in paragraph "7" of the Complaint are legal conclusions to which no response is required.

8.      Denies the allegations in paragraph "8" of the Complaint, except admits that a document purporting to be a Notice of Claim was received by the City Comptroller's Office on or about October 23, 2015, that a 50-h hearing was held on April 18, 2016, and that this matter has not been settled or disposed of.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint, except admits that on August 23, 2015, plaintiff was in the vicinity of 711 Hinsdale Street in Brooklyn, New York.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint, except admits on information and belief that plaintiff was arrested.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint, except admits on information and belief that plaintiff was taken to the 75th Precinct.

15.     Denies the allegations in paragraph "15" of the Complaint, except admits on information and belief that plaintiff was taken to Central Booking and was arraigned.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint, except admits on information and belief that the charges are sealed, that a document purporting to be a Notice of Claim was received by the City Comptroller's Office on or about October 23, 2015, and that a 50-h hearing was held on April 18, 2016.

17.     Denies the allegations in paragraph "17" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

18.     In response to the allegations in paragraph "18" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

19.     Denies the allegations in paragraph "19" of the Complaint.

20.     Denies the allegations in paragraph "20" of the Complaint.

21.     In response to the allegations in paragraph "21" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

22.     Denies the allegations in paragraph "22" of the Complaint.

23.     Denies the allegations in paragraph "23" of the Complaint.

24.     Denies the allegations in paragraph "24" of the Complaint.

25.     Denies the allegations in paragraph "25" of the Complaint.

26.     Denies the allegations in paragraph "26" of the Complaint.

27.     Denies the allegations in paragraph "27" of the Complaint.

28.     Denies the allegations in paragraph "28" of the Complaint.

29.     Denies the allegations in paragraph "29" of the Complaint.

30.     In response to the allegations in paragraph "30" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

31.     Denies the allegations in paragraph "31" of the Complaint.

32.     Denies the allegations in paragraph "32" of the Complaint.

33.     Denies the allegations in paragraph "33" of the Complaint.

34.     In response to the allegations in paragraph "34" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

35.     Denies the allegations in paragraph "35" of the Complaint.

36.     Denies the allegations in paragraph "36" of the Complaint.

37.     Denies the allegations in paragraph "37" of the Complaint.

38.     In response to the allegations in paragraph "38" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

39.     Denies the allegations in paragraph "39" of the Complaint.

40.     Denies the allegations in paragraph "40" of the Complaint.

41.     Denies the allegations in paragraph "41" of the Complaint.

42.     In response to the allegations in paragraph "42" of the Complaint, defendant repeats the responses set forth in the previous paragraphs.

43.     Denies the allegations in paragraph "43" of the Complaint.

44.     Denies the allegations in paragraph "44" of the Complaint.

45.     Denies the allegations in paragraph "45" of the Complaint.

46.     Denies the allegations in paragraph "46" of the Complaint.

47.     Denies the allegations in the first paragraph "47" of the Complaint.

48.     In response to the allegations in the first paragraph "48" of the Complaint,

defendant repeats the responses set forth in the previous paragraphs.

49.     Denies the allegations in the second paragraph "47" of the Complaint, except states that the allegations that defendants acted within the scope of their employment and in furtherance of the City's interests are legal conclusions to which no response is required.

50.     Denies the allegations in the second paragraph "48" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

51.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

53.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## FOURTH AFFIRMATIVE DEFENSE

54.     Punitive damages cannot be assessed as against the City of New York.

## FIFTH AFFIRMATIVE DEFENSE

55.     There was probable cause to arrest plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

56.     If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## SEVENTH AFFIRMATIVE DEFENSE

57.     The plaintiff failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

58.    The plaintiff provoked or was at fault for any incident.

## NINTH AFFIRMATIVE DEFENSE

59.    To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## TENTH AFFIRMATIVE DEFENSE:

60.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability under state law.

**WHEREFORE,** defendant The City of New York demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          January 3, 2017

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendant  City of New York*
100 Church Street, Room 3-133A
New York, New York  10007
(212) 356-3539
agarman@law.nyc.gov

By: _____

    Ashley R. Garman